# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Angela E. Noble**  
Court Administrator · Clerk of Court

400 North Miami Avenue, Room 8N09  
Miami, Florida 33128-7716  
(305) 523-5100

August 26, 2021

Robert T. Carney, Esq.  
Florida Power & Light Company  
801 Pennsylvania Avenue, NW  
Washington, DC  20004

James P. Dawson, Esq.  
Holland & Knight LLP  
777 South Flagler Drive, Suite 1900 West Tower  
West Palm Beach, FL  33401

Christopher S. Rizek, Esq.  
Caplin & Drysdale, Chartered  
One Thomas Circle, NW, Suite 1100  
Washington, DC  20005

Joseph R. Ganahl, Esq.  
U.S. Department of Justice  
PO Box 14198  
Washington, DC   20044

Cory A. Johnson, Esq.  
U.S. Department of Justice  
PO Box 14198  
Washington, DC   20044

Gregory L. Luke Jones, Esq.  
U.S. Department of Justice  
PO Box 14198  
Washington, DC   20044

In re:  <u>Nextera Energy, Inc. v. The United States, Case No. 15-CV-80484</u>

Dear Messrs. Carney, Dawson, Rizek, Ganahl, Johnson and Jones:

I have been contacted by Judge Robin L. Rosenberg who presided over the above-mentioned case.

Judge Rosenberg informed me that it has been brought to her attention that while she presided over the case, her husband owned stock in Nextera Energy. Her husband's ownership of stock neither affected nor impacted her decisions in this case. However, her husband's stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Rosenberg directed that I notify the parties of the conflict.  The docket reflects that Judge Rosenberg made disclosures at docket entries 29 and 64.  Judge Rosenberg's entry of judgment against Nextera was affirmed by a three-judge panel of the United States Court of Appeals for the Eleventh Circuit at docket entry 86.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Rosenberg's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 26, 2021. Any response will be considered by another judge of this court without the participation of Judge Rosenberg.

Sincerely,

Angela E. Noble
Court Administrator · Clerk of Court

---

*"It is our honor and duty to provide the support necessary to enable the Court as an institution to fulfill its constitutional, statutory, and societal responsibilities for all who seek Justice."*